## CIRCUIT COURT OF BEDFORD COUNTY

Times-World Corp.

v.

Carl Wells,
Sheriff of Bedford County

November 16, 1993

BY JUDGE MOSBY G. PERROW, III

On October 16, 1993, Karen Barnes, a staff writer for the *Roanoke Times and World News*, a paper owned by Times-World Corporation, delivered a written request under the Virginia Freedom of Information Act to Sheriff Carl Wells of the Bedford County Sheriff's Department for "financial information." The request contained five numbered paragraphs relating to budgets, bank statements, written policies, contract documents, and correspondence. Thereafter, the Sheriff discussed the written request with Ms. Barnes and advised her that the information sought was in the possession of an auditor. The Sheriff offered to furnish Ms. Barnes with a copy of the auditor's report upon receipt. Ms. Barnes stated that she would like to have a copy of that report, as well as the information previously requested on October 18, 1993. Ms. Barnes has received a copy of the auditor's report but has had no further communication with the Sheriff concerning the financial information requested on October 18, 1993.

On November 12, 1993, Times-World Corporation filed a petition for mandamus under the Act asking the Court to require the Sheriff to provide it with copies of the financial information requested on October 18, 1993. On November 15, 1993, in answer to that petition, the Sheriff alleged that he reached an agreement with Ms. Barnes concerning the production of the financial information requested and, further, that he is prohibited by law from disclosing some of the information sought. Specifically, the Sheriff relies upon the exclusion set forth in

§ 2.1–342(B)(22) of the Act which excludes from disclosure documents specified in § 58.1–3 of the 1950 Virginia Code, as amended. On November 15, 1993, a hearing was held on the petition for writ of mandamus, and at that time, the Sheriff, by counsel, further maintained that he is not subject to the Act.

The Court finds as a matter of fact that the Sheriff and Ms. Barnes did not reach an agreement concerning the production of the financial information requested in writing on October 18, 1993. The Sheriff contacted Ms. Barnes by telephone upon receipt of the written request and offered to provide a copy of an auditor's report upon receipt. Ms. Barnes testified that she accepted the Sheriff's offer to provide a copy of the auditor's report but not in lieu of the financial information previously requested in writing on October 18, 1993. There has been no further contact between Ms. Barnes or her employer and the Sheriff since that telephone conversation until the institution of these proceedings. Times-World, by counsel, at the hearing on November 15, 1993, narrowed its request for financial information to all monthly bank statements of the payroll account in the name of Sheriff Carl Wells for the period July 1, 1990, through June 30, 1993, including all cancelled checks with the exception of payroll checks written to the Sheriff's employees and checks written to government tax authorities.

The Court finds as a matter of law that the records sought are not exempted from disclosure under the Act by § 2.1-342(B)(22). In the context of the Act, that exclusion would apply to state and federal income tax returns.

The more difficult question is whether under the circumstances presented the Sheriff has any duty under the Act to provide Times-World with the financial information requested. The Act provides in pertinent part that "[e]xcept as otherwise specifically provided by law, all *official records* shall be opened to inspection and copying by any citizens of this Commonwealth during the regular office hours of the custodian of such records, § 2.1–342(A) [emphasis supplied]. The Act defines "official records" as "all written or printed books, papers, letters, documents, maps and tapes, photographs, films, sound recordings, reports or other material . . . prepared, owned, or in the possession of a *public body or any employee or officer of a public body* in the transaction of public business." § 2.1–341. The Act defines "public body" to mean "any of the groups, agencies or organizations enumerated in the definition of 'meetings' . . . ." § 2.1–342. The groups,

agencies, or organizations enumerated in the Act's definition of "meetings" are "any legislative body, authority, board, bureau, commission, district or agency of the Commonwealth or any political subdivision of the Commonwealth, including cities, towns, and counties; municipal councils, governing bodies of counties, school boards and planning commissions; board of visitors of state institutions of higher education; and other organizations, corporations or agencies in the Commonwealth, supported wholly or principally by public funds." § 2.1–341. The policy of the Act "insures the people of this Commonwealth ready access to records in the custody of public officials and free entry to meetings of public bodies wherein the business of the people is being conducted." § 2.1–341.1. Although not defined by the Act, the Sheriff is certainly a public official supported by public funds. The Act further provides that it is to "be liberally construed to promote an increased awareness by all persons of governmental activities and afford every opportunity to citizens to witness the operations of government. Any exception or exemption from the applicability shall be narrowly construed in order that nothing which should be public may be hidden from a person." § 2.1-340.1.

A sound argument can be made that the bank statements sought are not "official records" as defined by the Act because they were not prepared by and are not owned or in the possession of a public body or any employee or officer of a public body. § 2.1-341. However, in *Associated Tax Service v. Fitzpatrick*, 236 Va. 181 (1988), the Supreme Court of Virginia has apparently held *sub silentio* that records maintained by a constitutional officer are "official records" within the purview of the Act. Therefore, mandamus will issue.

Times-World has waived its claim under § 2.1–346 of the Act for reasonable costs and attorney's fees. The court further finds that there are special circumstances in the present case that would make such an award unjust. The Court further finds that a civil penalty under § 2.1–346.1 would be inappropriate.

### Order

This matter came to be heard on the petition of Times-World Corp. seeking a writ of mandamus to compel Bedford County Sheriff Carl Wells to comply with the Virginia Freedom of Information Act. It appears to the Court that service of notice of the application for the writ was made upon Sheriff Wells prior to the hearing on the applica-

tion which this Court held on November 15, 1993. The Court heard evidence *ore tenus*, and the petition was argued by counsel. Upon careful consideration of the matter, the Court is of the opinion that the petition should be granted. Accordingly, it is ordered that the Writ of Mandamus shall and is hereby issued directing Sheriff Carl Wells to supply prior to 5:00 p.m. on November 19, 1993, to petitioner copies of all monthly bank statements of the payroll account in the name of Sheriff Carl Wells for the period July 1, 1990, to June 30, 1993, including all cancelled checks, with the exception of payroll checks written to the Sheriff's employees and checks written to government tax authorities. Times-World Corporation shall pay reasonable costs of reproducing said records. The Sheriff shall accept service of this order forthwith, and the Clerk shall mail certified copies of this order to counsel of record.